UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

    Plaintiffs,

    v.

CRAWFORD PILE DRIVING, LLC, a
Michigan Limited Liability Company, and
TODD A. CRAWFORD, an individual,
jointly and severally,

    Defendants.

                                           /

CASE NO. 14-14145
HONORABLE GEORGE CARAM STEEH

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT
OF WALTER B. FISHER (DOC. 12), DEEMING PLAINTIFFS'
RESPONSE (DOC. 14) TO BE A MOTION TO REOPEN, AND ORDERING
<u>DEFENDANTS TO RESPOND TO PLAINTIFFS' MOTION TO REOPEN</u>**

Trustees of the Detroit Carpenters Fringe Benefit Funds ("Plaintiffs") filed the instant action against defendants Crawford Pile Driving, LLC and Todd A. Crawford (collectively, "Defendants"), asserting that Crawford Pile Driving had failed to make required employee-benefits contributions, in violation of the Employee Retirement Income Security Act[1] and the Michigan Building Contract Fund Act.[2]  Plaintiffs filed a notice of voluntary dismissal in March 2015, and the action was dismissed without prejudice. (*See* Doc. 8). On June 1, 2016, Plaintiffs filed an affidavit (Doc. 9) executed by Plaintiffs' counsel, Walter B. Fisher (the "Fisher affidavit"). (Doc. 9). Now before the

---

[1] 29 U.S.C. § 1001 *et seq.*

[2] Mich. Comp. Laws § 570.151 *et seq.*

-1-

Court is Defendants' motion to strike the Fisher affidavit. (Doc. 12). The Court finds that oral argument is not needed to decide the instant motion and dispenses with a hearing pursuant to Local Rule 7.1(f)(2). For the reasons explained below, the Court will deny Defendants' motion. The Court determines, however, that further briefing is required in order to determine whether the Court should enter a consent judgment that Plaintiffs have filed with the Court.

## I.     Background

As mentioned above, the instant action was dismissed voluntarily by Plaintiffs. In his affidavit, Mr. Fisher states that Plaintiffs filed the notice of voluntary dismissal pursuant to a settlement agreement, and that Defendants have violated the agreement. (*See* Fisher Aff. ¶¶ 3-8). Mr. Fisher further states that when the parties executed the settlement agreement, they also executed a consent judgment that was to be filed in the event of Defendants' default on the settlement agreement. (*Id.* ¶ 9). Plaintiffs provided the settlement agreement and the consent judgment as exhibits to the affidavit. (*Id.* Exs. A & B). Although the facts alleged in the Fisher affidavit apparently establish the conditions precedent to the Court's entry of the consent judgment, the Fisher affidavit itself does not contain a request for such relief, and it was not accompanied by a motion. Plaintiffs did file a freestanding copy of the consent judgment, however, and the Court inadvertently entered it, thinking that both sides had consented to its entry. (*See* Doc. 13). The Court set aside the consent judgment after it realized that Defendants opposed its entry.

Defendants responded to the Fisher affidavit with the instant motion to strike. (Doc. 12). They note that the settlement agreement provides the following procedure

for the entry of the consent judgment in the event of a default: "If the default is not cured or otherwise resolved within 28 days of the service of [notice of default], [Plaintiffs] *may move to reopen the Civil Action in order to enter the Consent Judgment*, and shall serve such motion on Defendants."  (Fisher Aff. Ex. A ¶ 10 (emphasis added)).  Defendants argue that Plaintiffs have failed to comply with the procedure described in the settlement agreement  because Plaintiffs filed the Fisher affidavit rather than a motion to reopen.  Defendants contend that the Fisher affidavit has no legal effect and that the affidavit "is not pertinent to any matter before the court since there is no case pending." (Doc. 12 at 17 (emphasis removed)).  Defendants argue that the Court should therefore strike the Fisher affidavit pursuant to Federal Rule of Civil Procedure 12(f).

Plaintiffs filed a response in which they note that Defendants have not challenged the substance of the Fisher affidavit.  (Doc. 14).  That is, Defendants have not "contest[ed] the defaults" or "allege[d] that they cured the defaults."  (*Id.* at 2).  Plaintiffs argue that "[t]he Affidavit for Entry of Consent Judgment is a Motion for entry of the Consent Judgment," and that "[t]he defendants['] Motion to Strike acts as a Response." (*Id.*).  At the end of the response is a request for relief: "[T]he Funds ask the Court to deny the defendants' motion to strike and enter the Consent Judgment pursuant to the terms of the Settlement Agreement." (*Id.* at 3).

**II. Discussion**

**A. Whether Plaintiff Complied with the Settlement Agreement**

The settlement agreement clearly provides that in the event of default, Plaintiffs are entitled to *move to reopen* the instant action in order to seek entry of the consent judgment.  The settlement agreement does not provide for the alternate procedure

adopted by Plaintiffs of filing an affidavit and a copy of the consent judgment. Therefore, Plaintiffs did not comply with the terms of the settlement agreement.

Plaintiffs now claim that the Fisher affidavit *was* a motion to reopen. Plaintiffs' argument is without merit. A motion is an "application requesting a court to make a specified ruling or order." Motion, *Black's Law Dictionary* (10th ed. 2014); *see also* 60 C.J.S. *Motions and Orders* § 1 ("A 'motion' is an application for an order . . . ."). A motion must, *inter alia*, "state the relief sought." Fed. R. Civ. P. 7(b)(1)(C). The Fisher affidavit is almost completely devoid of a request for relief. For the most part, it simply outlines the facts that would support such a request. Only the title of the affidavit—"Affidavit of Walter B. Fisher, Jr. in Support of Entry of Consent Judgment"—could be argued to contain a request for relief. Of course, the Fisher affidavit does not contain any request for the Court to *reopen* the matter, as the terms of the settlement agreement would require.

Even assuming, for the sake of argument, that the title of the affidavit was a request for relief, the affidavit fails as a motion on other grounds. Local Rule 5.1(a)(1)(C) provides that "[a]ll papers presented for filing must include . . . the name or nature of the paper in sufficient detail for identification." Thus, even if one could argue that the affidavit was effectively a motion, it was not properly identified as a motion and it therefore failed to comply with Local Rule 5.1(a)(1)(C). This failure by Plaintiffs to comply with a fairly fundamental Local Rule has prejudiced Defendants, because they were apparently unsure of how to respond to Plaintiffs' supposed motion. Defendants naturally did not interpret the affidavit as a motion and thus they filed their motion to strike instead of responding with whatever substantive arguments they may have.

Therefore, it would be inappropriate for the Court to deem the Fisher affidavit a proper motion—let alone a motion to reopen.

Arguably, there *is* a motion to reopen embedded within Plaintiffs' response. But Plaintiffs' response also runs afoul of Local Rule 5.1(a)(1)(C). Defendants cannot have been expected to respond to Plaintiffs' "motion" when it is not properly identified as such.

### B. Whether the Court Should Strike the Affidavit

Defendants move to strike the Fisher affidavit pursuant to Federal Rule of Civil Procedure 12(f), which provides that a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Under Rule 12(f), "a court may strike only material that is contained in the pleadings." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006) (unpublished). Moreover, motions to strike are generally disfavored, and such a motion will usually only be granted if the subject of the motion to strike prejudices the movant. *See Wausau Benefits v. Progressive Ins. Co.*, 270 F. Supp. 2d 980, 985 (S.D. Ohio 2003); 5C Charles A. Wright *et al.*, *Federal Practice & Procedure* § 1382 (3d ed.) ("[Rule 12(f)] has the effect of limiting motions [to strike] to those defects that may affect the merits of the litigation or prejudice one of the parties.").

Defendants' motion fails because the Fisher affidavit is not a "pleading." Defendants' motion also fails because the mere existence of the Fisher affidavit in the Court record does not prejudice Defendants. There is no reason to strike the Fisher affidavit.

### C. How the Court Should Proceed

The Court will not strike the Fisher affidavit. But the affidavit, by itself, has no legal effect and is not a proper motion to reopen. Plaintiffs' response to Defendants' motion to strike is arguably a proper motion to reopen, but Plaintiffs did not properly identify it as such, and therefore Defendants have failed to respond to it. The Court is therefore left with the problem of resolving the muddle that Plaintiffs created by failing to comply with the very clear terms of the settlement agreement.

It appears that the best way forward would be to construe Plaintiffs' response (Doc. 14) as containing a motion for the Court to reopen and a motion to enter the consent judgment. A consent judgment "places the power and prestige of the court behind the [agreement] struck by the parties." *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983); *see also Universal Settlements Int'l, Inc. v. Nat'l Viatical, Inc.*, 568 F. App'x 398, 404-05 (6th Cir. 2014) (unpublished). Therefore, it would be appropriate to offer Defendants an additional opportunity to respond, especially given Plaintiffs' failure to properly label their motion. Plaintiffs will also have an opportunity to file an additional reply. If there is a dispute over the facts and/or law, the Court will schedule a hearing.

### III. Conclusion

Therefore, IT IS ORDERED that Defendants' motion to strike (Doc. 12) is DENIED. The Court WILL NOT strike the Fisher affidavit. IT IS FURTHER ORDERED that Plaintiffs' response to Defendants' motion to strike (Doc. 14) SHALL be construed as a motion to reopen and enter the consent judgment. Defendants SHALL file a response to Plaintiffs' motion by August 17, 2016. Plaintiffs may file a reply by August

31, 2016. If, upon reviewing the papers, the Court determines that a hearing will be helpful, the Court will schedule such hearing at that later time.

    IT IS SO ORDERED.

Dated: August 2, 2016

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 2, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk